## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: RICKY L. RAGIN and LATCHIE R. RAGIN, | : | CHAPTER 13 |
| | : | |
| Debtors, | : | CASE NO. 18-10549-SDB |
| TITLEMAX OF GEORGIA, INC., | : | |
| Movant, | : | |
| | : | JUDGE SUSAN D. BARRETT |
| vs. | : | |
| RICKY L. RAGIN, LATCHIE R. RAGIN and HUON LE, Trustee, | : | |
| Respondents. | : | |

## AMENDED OBJECTION TO CHAPTER 13 PLAN
## AND MOTION TO DENY CONFIRMATION

COMES NOW TITLEMAX OF GEORGIA, INC. ("Movant"), a secured creditor in the above-captioned bankruptcy proceeding, and hereby amends its objection to confirmation of this case and moves for denial of confirmation of the plan, showing the Court as follows:

1.

On June 9, 2016, Latchie R. Ragin ("Debtor") and Movant entered into a thirty-day pawn transaction under Georgia law in which the Debtor exchanged a Certificate of Title to a 1986 Buick Regal for a cash advance. Title of Certificate and Pawn Transaction are collectively attached hereto as Exhibit "A". The loan matured and came due in full on July 9, 2016, the Specific Maturity Date of the Pawn Transaction. Debtor failed to pay Movant by the maturity date or by August 8, 2016, the expiration of the statutory grace period granted by O.C.G.A. § 44-14-403(b)(3). The amount due as of the filing of the bankruptcy petition is $1,826.22.

2.

Debtor filed the bankruptcy petition on April 13, 2018. To the extent Debtor was entitled to a 60-day redemption period pursuant to 11 U.S.C. § 108(b), Debtor has failed to make any attempt to redeem the pledged property to date. Because Debtor failed to pay pursuant to the express terms of the contract or during any applicable statutory grace or redemption period, all ownership interest of the Debtor in the pledged property has been or shall be extinguished.

3.

A debtor's ownership interest in an item of property pledged in a pawn transaction is forfeited if it is not timely paid or redeemed. Pledged goods may be redeemed by the pledgor only by *full payment* of any unpaid fees and charges, the repayment of the principal, and the payment of the additional interest. Pledged goods not redeemed shall be immediately forfeited to the pawnbroker by operation of law and any ownership interest of the pledgor in the pledged item shall be automatically extinguished. O.C.G.A. § 44-14-403(b)(3); Titlemax v. Northington, No. 16-17467 (11th Cir., Dec. 11, 2017).

4.

When a debtor does not timely redeem prior to the filing of the debtor's bankruptcy petition, the pledged property is not property of the bankruptcy estate as defined in 11 U.S.C. § 541 and is not property within the bankruptcy court's vested jurisdiction. "A chapter 13 plan may not provide for disposition of property which is not property of the estate as defined in 11 U.S.C. § 541 and the fact of plan confirmation cannot bind a property owner to a plan provision disposing of his property rights when such property is not within the Court's vested jurisdiction" In re Howard, 507 B.R. 394, at 399 (Bankr. N.D. Ga. 2014); *Accord* Titlemax v. Northington, No. 16-17467 (11th Cir., Dec. 11, 2017).

5.

To the extent Debtor failed to pay or redeem prior to the filing of the bankruptcy petition, the proposed plan provides for the payment of a debt as to property which was not property of the bankruptcy estate when the Debtor filed the petition. To the extent Debtor was entitled to a 60-day redemption period pursuant to 11 U.S.C. § 108(b), Debtor failed to make any attempt to redeem the pledged property in full to date and thus all ownership interest of the Debtor in the pledged property has been or shall be extinguished. Thus, the proposed plan would still provide for the payment of a debt as to property which is not property of the bankruptcy estate.

WHEREFORE, Movant moves this Court to deny confirmation of the Debtor's Chapter 13 Plan and seeks any other relief this court deems just and appropriate.

Respectfully submitted this 19th day of July, 2018.

THE BOWEN LAW GROUP

/s/ Charles J. Bowen
CHARLES J. BOWEN
Georgia State Bar No. 071115
*Attorney for Movant*

7 East Congress Street
Suite 1001
Savannah, GA 31401
(912) 544-2050
(912) 544-2070 (fax)
*cbowen@thebowenlawgroup.com*

# EXHIBIT "A"



# Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| 1G4GM47Y2GP432432 | 1986 | BUIC | | | | |

| Weight | New/Used | Title Number | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| | | 772554170817078 | | GA | 03-28-2017 |

**Full Name of Owner(s)**
LATCHIE RENAY RAGIN
304 MANASSAS DR
THOMSON, GA 308242542

**Vehicle Brand(s)**

**Liens(s)**
TITLEMAX OF GEORGIA INC D/B/A TITLEMAX
[1001 WASHINGTON RD
THOMSON, GA 30824]*

**Odometer Brand(s)**

Lien Date:
ELT Number: 001107192078
LTN: LTN160318-4

* Information has been supplied by the lienholder, not the state titling agency.

Document ID: CPQAWOJNEN  **THIS IS NOT A TITLE**
This is an official Premier eTitleLien® Report
generated by a customer of Decision Dynamics, Inc.



| Written Disclosure Ticket | | | | | | | PAWN TRANSACTION | |
|---|---|---|---|---|---|---|---|---|
| ORIGINAL ACCOUNT NUMBER: | | ACCOUNT NUMBER | | PAWN TICKET NUMBER: | DATE/TIME OF PAWN 06/09/2016 | | MATURITY DATE 07/09/2016 | |
| PLEDGOR INFORMATION: | | | | CO-PLEDGOR INFORMATION: | | | | |
| FIRST NAME: LATCHIE | MIDDLE NAME: RENAY | | LAST NAME: RAGIN | CO-PLEDGOR FIRST NAME: | MIDDLE NAME: | | CO-PLEDGOR LAST NAME: | |
| PLEDGOR SSN: | PHOTO ID NO.: | | | CO-PLEDGOR SSN: | CO-PLEDGOR'S PHOTO ID. NO.: | | | |
| PLEDGOR STREET ADDRESS: 304 MANASSAS DR | | | | CO-PLEDGOR ADDRESS: | | | | |
| CITY: THOMSON | STATE: GA | ZIP CODE: 30824 | RACE: Black | CITY: | STATE: | ZIP CODE | | RACE: |
| HEIGHT 530 | WEIGHT 160.00 | BIRTH DATE: | SEX: Female | HEIGHT | WEIGHT | BIRTH DATE: | | SEX: |
| PAWNBROKER NAME: TitleMax of Georgia, Inc. d/b/a TitleMax | | | PAWNBROKER HOURS OF OPERATION: Monday to Friday 9 A.M. to 7 P.M., Saturday 10 A.M. to 4 P.M., Closed Sunday | | | PAWNBROKER PHONE NUMBER: (706)595-4838 | | |
| PAWNBROKER STREET ADDRESS: 1001 WASHINGTON RD | | | | PAWNBROKER CITY: THOMSON | | PAWNBROKER STATE: GA | PAWNBROKER ZIP CODE: 30824 | |
| MOTOR VEHICLE INFORMATION: | | VEHICLE IDENTIFICATION NUMBER (VIN): 1G4GM47Y2G9432432 | | TITLE STATE: GA | LICENSE PLATE | VEHICLE CERTIFICATE OF TITLE NUMBER: 775076160422078 | | |
| VEHICLE YEAR 1986 | VEHICLE MAKE BUICK | VEHICLE MODEL: REGAL | DOORS | CYLINDERS: 08 Cyl | COLOR: WHI | ODOMETER 83449 | | |

In this Written Disclosure Ticket the words "this document," "Pawn Transaction," "Pawn Ticket," "this transaction," and "the transaction" are defined as they are in O.C.G.A. § 44-12-130 et seq. and mean this signed agreement including the Waiver of Jury Trial and Arbitration Clause. The words "you," "your," "seller," "pledgor," and "co-pledgor" mean the pledgor and/or co-pledgor identified above who have signed this Pawn Ticket. The words "we," "us," "our," and "Pawnbroker" mean TitleMax of Georgia, Inc. d/b/a TitleMax     a pawnbroker licensed under and operating pursuant to the Georgia Code sections relating to pawnbrokers, including O.C.G.A. § 44-12-130, et seq. and O.C.G.A. § 44-14-400, et seq. The words "Motor Vehicle," and "Pawned Item" mean the Motor Vehicle identified above. The words "Title," "Certificate of Title," "Pledged Goods," "Merchandise," and "Pledged Items" mean the Motor Vehicle Certificate of Title identified above. The word "Pawn" means the pawn covered by this Pawn Ticket.

> **This is a pawn transaction. Failure to make your payments as described in this document can result in the loss of the pawned item. The pawnbroker can sell or keep the item if you have not made all payments by the specified maturity date. Failure to make your payment as described in this document can result in the loss of your motor vehicle. The pawnbroker can also charge you certain fees if he or she actually repossesses the motor vehicle.**

You hereby grant to us a security interest in your Motor Vehicle. In consideration of your payment of $ 823.23     (which is the cost to the seller or pledgor to redeem the merchandise in this period of the transaction), delivery to us of the Motor Vehicle's Certificate of Title, and agreement to pay all of the fees, sums, interest, charges, and amounts pursuant to O.C.G.A. §44-12-130 et seq. and disclosed herein, we agree to lend you $ 728.59     ("Principal Amount"). **Pursuant to O.C.G.A. § 44-12-137(7), please note that we are not making any agreement requiring the personal liability of a pledgor.** Therefore, if you choose to redeem or repurchase the Pledged Goods, then you must pay us in cash the Total of Payments listed below on the Specified Maturity Date of the Pawn Transaction, which is 07/09/2016 (hereinafter the "Specific Maturity Date"); however, if the Specific Maturity Date falls on a day in which we are not open for business, then you must pay us on the next business day. We do not accept personal checks.

FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 158.0386 % | $ 94.64 | $ 728.59 | $ 823.23 |

Payment Schedule: One payment in the amount of $ 823.23     due on Saturday (day of week),     July (month)     9 (day),  2016
Security:           You are giving a security interest in the Motor Vehicle.
Filing Fee:         0.00
Prepayment:    If you pay off early, you will not be entitled to a refund of part of the finance charge.
See the terms below and on the other pages of this Written Disclosure Ticket for any additional information about nonpayment, default and lack of prepayment refunds.

Any comments or questions may be directed to Customer Service at the following toll-free number: (800)804-5368
TM-GA-Customer Agreement-V.2.2.03.03.2016                                                                                                                          Page 1 of 5

## ADDITIONAL TERMS AND CONDITIONS OF THIS WRITTEN DISCLOSURE TICKET

Itemization of Amount Financed of 728.59
$ 0.00       Amount given to you directly
$ 728.59    Amount paid on account no.          with us.
Amount paid to others on your behalf:
$ 0.00       Amount paid public officials for title fees
$ N/A        Amount to N/A
$ N/A        Amount to N/A

**Prepayment.** You may prepay in full at any time the fees, sums, charges, interest, and amounts owing under this Written Disclosure Ticket and will not incur an additional charge or fee. However, because we earn all interest and pawnshop charges upon your execution of this Written Disclosure Ticket, you will not be entitled to a rebate and refund of any part of the Finance Charge. Likewise, you may prepay any extension of this Written Disclosure Ticket, and will not incur an additional charge or fee. However, because we earn all interest and pawnshop charges as of the date of the extension or continuation of this Written Disclosure Ticket, you will not be entitled to a rebate and refund of any part of the Finance Charge.

**Rescission:** We will rebate and refund the Finance Charge we have earned and any fees to be paid to public officials, if at any time prior to the close of business on the business day immediately following the date of this Pawn Ticket, you prepay to us in cash the Amount Financed in full satisfaction of your obligations under this Pawn Ticket.

**Length of the Pawn Transaction, Interest and Pawnshop charges, Extension or Continuation, and Cost to Redeem.** The length of the original Pawn Transaction is thirty days and it can only be renewed with the agreement of both parties and only for 30-day incremental periods. The provisions of this paragraph regarding extensions or continuations are limited to the extent we may choose to cease doing business with you. Furthermore, if you request additional funds or request a change in your Specified Maturity Date, then we will ask you to sign an agreement documenting same. If you do not request additional funds, the original Pawn Transaction shall be considered to have been extended or continued unless: (a) All charges, fees, and the principal have actually been paid or repaid on the previous Pawn Transaction; (b) The Certificate of Title, has actually been restored to your possession; and (c) The Motor Vehicle in the previous transaction has been removed from our business premises and any lien on the Certificate of Title has been removed or released. If the principal amount is not paid on the Specific Maturity Date or the extended maturity date, but you pay the fees, sums, interest, charges, and other amounts owing to us, then the Written Disclosure Ticket will be extended or continued for an additional 30-day period. The extended maturity date shall be thirty days after the Specific Maturity Date or previous extended maturity date. Pursuant to O.C.G.A. §44-12-138(b) (5)-(8), please note the following rates on an annual basis and pay off amounts assume that (i) only the principal amount advanced in original Pawn Ticket is outstanding, (ii) that no payments have been made to reduce the principal amount advanced in the original Pawn Ticket, and no additional funds have been advanced to you subsequent to signing the original 30 day Pawn Ticket; (iii) all fees and charges on the original transaction have been kept current and that the annual rate is computed as if all interest and pawnshop charges were considered to be interest. Given the assumptions stated above, please note as follows. For the original 30-day term, and two renewal terms in which the Pawn Transaction might be continued or extended (a total of 90 days): (I) Pawnbroker may charge for each 30-day period interest and pawnshop charges which together equal no more than 25 percent of the principal amount advanced, with a minimum charge of up to $10.00 per 30-day period; (II) it will cost the seller or pledgor $ 1376.22   to redeem the Merchandise; and (III) the rate on an annual basis for these 30 day periods is 158.0500 %. After three 30-day terms (an initial 30-day term and two renewal terms--a total of 90 days): (1) Pawnbroker may charge for each 30-day period interest and pawnshop charges which together equal no more than 12.5 percent of the principal amount advanced, with a minimum charge of up to $5.00 per 30-day period; (2) it will cost the seller or pledgor $ 1370.25   to redeem the Merchandise; and (3) the rate on an annual basis each 30-day renewal term is    152.0833 %. If you have signed an agreement subsequent to the original agreement to receive additional funds, move the Specified Maturity Date and/or paid any amount toward the principal, then your current payoff information no longer fits within these narrow statutory assumptions. As such the federal Truth-In-Lending disclosures in the agreement you sign will provide you with the updated payoff amount information (cost to redeem the Merchandise) and the rate on an annual basis. Upon renewal, all terms of this Written Disclosure Ticket shall continue in effect, including the Waiver of Jury Trial and Arbitration Clause. Upon payment in full of all amounts owing, we will return the Pledged Goods unless such have been taken into custody by a court or by a law enforcement office or agency.

**Default and Grace Period.** If you choose to forgo paying us on the Specific Maturity Date or the extended maturity date, then pursuant to O.C.G.A. §§44-12-131 and 44-12-138 you will be in "default" and a "grace period" governs our relationship. The Pledged Goods may be redeemed for thirty days after the Specific Maturity Date or the extended maturity date. The grace period shall begin running on the first day following the Specified Maturity Date of the Pawn Transaction or on the first day following the expiration of any extension or continuation of the Pawn Transaction, whichever occurs later. The grace period shall be 30 calendar days. In the event that the last day of the grace period falls on a day in which we are not open for business, the grace period shall be extended through the first day following upon which we are open for business. We will not sell the Pledged Goods during the grace period. You may redeem the Motor Vehicle within the grace period by the payment of any unpaid accrued fees and charges, the repayment of the principal, and the payment of an additional interest charge not to exceed 12.5 percent of the principal. To redeem the Pledged Goods in the grace period immediately following the Specific Maturity Date, you must pay $ 914.30    . You must contact the store for the amount to redeem the Pledged Goods during a grace period after an extended maturity date. If the Motor Vehicle is not redeemed within the grace period it shall be automatically forfeited to us by operation of O.C.G.A. §44-14-403, and any of your ownership interest in the Motor Vehicle shall automatically be extinguished. After the grace period the Pledged Goods become the property of the Pawnbroker.

**Recovery and Storage.** If you are in default, we have the right to take possession of the Motor Vehicle. In taking possession, we or our agent may proceed without judicial process if this can be done without breach of the peace or may proceed by action as set forth in the Waiver of Jury Trial and Arbitration Clause. You agree to pay a recovery fee, the amount of which will be based upon the distance we travel from our office to recover the Motor Vehicle. You agree to pay a recovery fee of $50.00 if we recover the Motor Vehicle within 50 miles of the office where the Pawn Transaction originated, a recovery fee of $100.00 for recoveries within 51 to 100 miles, a recovery fee of $150.00 for recoveries within 101 to 300 miles and a recovery fee of $250.00 for recoveries beyond 300 miles. The recovery fee will be charged only if an actual recovery pursuant to a default takes place on a Motor Vehicle which was not already in our possession. You agree to pay a storage fee for a recovered Motor Vehicle not to exceed $5.00 per day, but only if we actually recover and retain possession of the Motor Vehicle.

**Lien Information, Additional Fees and Charges, and Redeeming the Title.** You agree to pay us a fee to register a lien upon the Motor Vehicle Title, not to exceed any fee actually charged by the appropriate state to register a lien upon a Motor Vehicle Title, but only if we actually place such a lien upon the Motor Vehicle Title. We have a lien on the Motor Vehicle pawned for the money advanced, interest, and pawnshop charge owed but not for other debts due to us. We may retain possession of the Pledged Goods until the lien is satisfied and may have a right of action against anyone interfering therewith. Any costs to ship the Pledged Items to the pledgor can be charged to the pledgor, along with a handling fee to equal no more than 50 percent of the actual costs to ship the Pledged Items. Pledgor agrees that whoever properly identifies himself or herself and presents this Pawn Ticket is presumed to be the pledgor and is entitled to redeem the Motor Vehicle. If this Pawn Ticket is lost, destroyed, or stolen, the pledgor should immediately advise the Pawnbroker in writing. You agree to pay a fee of up to $2.00 for each lost or destroyed Pawn Ticket. Pursuant to O.C.G.A. §44-14-411.1 if we recover the Motor Vehicle and thereby obtain possession of any personal property found in such Motor Vehicle, we shall have a lien on such property for any reasonable expenses incurred in storing such property and in giving notice to such owner.

Any comments or questions may be directed to Customer Service at the following toll-free number: (800)804-5368

## ADDITIONAL TERMS AND CONDITIONS OF THIS WRITTEN DISCLOSURE TICKET

**Governing Law and Assignment.** This Written Disclosure Ticket shall be governed by the laws of the State of Georgia, except that the Waiver of Jury Trial and Arbitration Clause is governed by the Federal Arbitration Act ("FAA"). We may assign or transfer this Written Disclosure Ticket or any of our rights hereunder.

**Notices and Waivers.** We will send notices to you at your address on page 1, and we meet our duty to give you notice when we mail it. You must send all notices to us to: TitleMax of Georgia, Inc., ATTN: Legal Department, P.O. Box 8323, Savannah, Georgia 31412 (the "Notice Address"). We may waive or delay enforcing our rights without losing them. We may sue or arbitrate with one or more persons without joining or suing others.

**Information Sharing; Credit Reporting.** You allow us to make inquiries about your credit history. If you believe that you have been the victim of identity theft in connection with your Pawn, write to us at the Notice Address. In your letter: (a) provide your name and Pawn number; and (b) submit an identity theft affidavit or identity theft report.

**Telephone Recording.** You agree that we may monitor and record any phone conversation you have with us.

**Automatic Reminders.** We may use automated telephone dialing, text messaging systems and email to provide messages to you about the Maturity Date and other important information. The telephone messages may be played by a machine when the telephone is answered, whether answered by you or someone else. These messages may also be recorded by your answering machine. You give us your permission to call or send a text message to any telephone number you give us. This includes cell phone and landline numbers. You give us permission to play pre-recorded messages or send text messages with information about your Pawn over the phone. You also give us permission to send such information to you by email. You agree that we will not be liable to you for any such calls or communications. You understand that you may get a charge from your phone or Internet company. You agree that we have no liability for such fees.

**Bankruptcy Notices.** Any notice to us under the Federal Bankruptcy Code must be in writing, must include your Pawn number, and must be sent to the Notice Address.

**Notice and Cure.** Before starting a lawsuit or arbitration regarding a legal dispute or claim relating to this Pawn Ticket, the Motor Vehicle or the Pawn (the "Dispute"), the party filing the Dispute (the "Claimant") will give the other party (the "Defending Party") written notice of the Dispute (a "Dispute Notice") and not less than 30 days to resolve the Dispute. Any Dispute Notice to you will be sent by mail or email to the address you gave on your Application (or any address you have since given us). Any Dispute Notice to us will be sent by mail to the Notice Address. Any Dispute Notice you send must include your Pawn number, mailing address and telephone number. It must explain the nature of the Dispute and the relief requested. The Claimant must provide any information about the Dispute that the Defending Party requests.

**WAIVER OF RIGHT TO TRIAL BY JURY. YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT. THIS RIGHT MAY BE WAIVED UNDER CERTAIN CONDITIONS AS ALLOWED BY LAW. YOU AND WE KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED DIRECTLY OR INDIRECTLY TO EACH OF THE FOLLOWING: (A) THIS PAWN TICKET; AND (B) THE PAWN THAT IS THE SUBJECT OF THIS PAWN TICKET. THIS JURY TRIAL WAIVER WILL NOT CHANGE ANY ARBITRATION CLAUSE TO WHICH YOU AND WE ARE SUBJECT, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

**JURY TRIAL WAIVER AND ARBITRATION CLAUSE.** By signing below, you agree to this Jury Trial Waiver and Arbitration Clause ("Clause"). We have drafted this Clause in question and answer form so it is easier to understand. This Clause is part of this Pawn Ticket and is legally binding.

### Background and Scope.

| Question | Short Answer | Further Detail |
|---|---|---|
| What is arbitration? | An alternative to court | In arbitration, a third party Arbiter ("TPA") solves Disputes in a hearing ("hearing"). It is less formal than a court case. |
| Is it different from court and jury trials? | Yes | The hearing is private. There is no jury. It is usually less formal, faster, and less costly than a lawsuit. Pre hearing fact finding is limited. Appeals are limited. Courts rarely overturn arbitration awards. |
| Can you opt-out of this Clause? | Yes, within 60 days | If you do not want this Clause to apply, you must tell us in writing within 60 calendar days after signing this Pawn Ticket. Send your signed, written notice to the Notice Address. Give your name, address, Pawn number and Pawn date. State that you "opt out" of the arbitration clause. We do not allow electronic delivery. |
| What is this Clause about? | The parties' agreement to arbitrate Disputes | You and we agree that any party may arbitrate or demand arbitration of any "Dispute," unless you opt out or the law does not allow it. |
| Who does the Clause cover? | You, us, and certain "Related Parties" | This Clause covers you and us. It also covers certain "Related Parties." These include: (1) our parent companies, subsidiaries, and affiliates; (2) our employees, directors, officers, shareholders, members, and representatives; and (3) any person or company that is involved in a Dispute that you pursue at the same time you pursue this Dispute (for example, a recovery company). |
| What Disputes does the Clause cover? | Most Disputes that would normally go to court (except certain Disputes about this Clause) | This Clause covers Disputes that would usually be decided in court and are between us (or a Related Party) and you. In this Clause, the word Disputes has the broadest meaning. It includes all claims related to your application, this Pawn Ticket, the Motor Vehicle, the Pawn, any Other Pawn or your relationship with us. It includes claims related to any prior applications or agreements. It includes extensions, renewals, refinancings, or payment plans. It includes claims related to collections, privacy, and customer information. It includes claims related to the validity of this Pawn Ticket. **But, it does not include disputes about the validity, coverage, or scope of this Clause or any part of this Clause. These are for a court and not the TPA to decide. Also, this Clause does not cover our taking and selling the Motor Vehicle. It does not cover any individual case you file to stop us from taking or selling the Motor Vehicle.** |
| Who handles the arbitration? | Usually AAA or JAMS | Arbitrations are conducted under this Clause and the rules of the arbitration company. Arbitration rules that conflict with this Clause do not apply. The arbitration company will be either:<br>• The American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org.<br>• JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org<br>• Any other company picked by agreement of the parties. |

## ADDITIONAL TERMS AND CONDITIONS OF THIS WRITTEN DISCLOSURE TICKET

| | | |
|---|---|---|
| | | If all these options are unavailable, a court will pick the arbitration company. **But, no arbitration may be administered without our consent by an arbitration company that would permit class arbitration under this Clause.** |
| | | The TPA will be selected under the arbitration company's rules. The TPA must be a lawyer with at least ten years of experience or a retired judge, unless you and we otherwise agree. |
| Can Disputes be brought to court? | Sometimes | Either party may bring a lawsuit if the other party does not demand arbitration. We will not demand arbitration of any lawsuit you bring as an individual in small claims court. But, we may demand arbitration of any appeal of a small claims decision or any small claims action brought as a class. |
| Are you giving up any rights? | Yes | For Disputes subject to this Clause, you give up your right to:<br>1. Have juries decide Disputes.<br>2. Have courts, other than small claims courts, decide Disputes.<br>3. Serve as a private attorney general or in a representative capacity.<br>4. Join a Dispute you have with a dispute by other consumers.<br>5. Bring or be a class member in a class action or class arbitration.<br>We also give up the right to a jury trial and to have courts decide Disputes we wish to arbitrate. |
| Can you or another consumer start class arbitration? | No | **The TPA is not allowed to handle a Dispute on a class or representative basis.** All Disputes subject to this Clause must be decided in an individual arbitration or an individual small claims action. This Clause will be void if a court rules that the TPA can decide a Dispute on a class basis and the court's ruling is not reversed on appeal. |
| What law applies? | The Federal Arbitration Act ("FAA") | This Pawn Ticket and the Pawn involve interstate commerce. The FAA governs this Clause. The TPA must apply law consistent with the FAA. The TPA must honor statutes of limitation and privilege rights. Punitive damages are governed by the constitutional standards that apply in judicial proceedings. |
| Will anything you do negate this Clause? | No | This Clause stays in force if you: (1) cancel the Pawn; (2) default, renew, prepay or pay your Pawn in full; or (3) go into bankruptcy. |

Process.

| Question | Short Answer | Further Detail |
|---|---|---|
| What must you do before starting a lawsuit or arbitration? | Send a written Dispute notice and work to resolve the Dispute | Before starting a lawsuit or arbitration, the complaining party must give the other party written notice of the Dispute. The notice must explain the nature of the Dispute and any supporting facts. If you are the complaining party, you must send the notice in writing (and not electronically) to our Notice Address. You, or an attorney you have hired, must sign the notice. You must give your Pawn number and a phone number where you (or your attorney) can be reached. If we send you a collections letter, this will be your written notice of a Dispute. Once a Dispute notice is sent, the complaining party must give the other party a chance to resolve the Dispute on an individual basis over the next 30 days. |
| How does arbitration start? | Following the rules of the arbitration company | If the parties do not come to an agreement to resolve the Dispute within 30 days after the notice of the Dispute is received, the complaining party may start a lawsuit or arbitration. To start arbitration, the complaining party picks the arbitration company and follows their rules. If one party begins or threatens a lawsuit, the other party can demand arbitration. This demand can be made in court papers. It can be made if a party begins a lawsuit on an individual basis and then tries to pursue a class action. Once an arbitration demand is made, no lawsuit can be brought and any current lawsuit must stop. |
| Will any hearing be held nearby? | Yes | The TPA may decide that an in person hearing is not needed and that a Dispute may be resolved in writing and by conference call. But, any in person hearing must be held at a place reasonably convenient to you. |
| What about appeals? | Very limited | Appeal rights under the FAA are limited. For Claims involving more than $50,000, any party may appeal the award to a panel of three TPAs chosen by the arbitration company. This panel will reconsider anything in the initial award that is appealed. The panel's decision will be final, except for any FAA appeal right. Any suitable court may enter judgment upon the TPA's award. |

Arbitration Fees and Awards.

| Question | Short Answer | Further Detail |
|---|---|---|
| Who pays arbitration fees? | Usually, we do. | We will pay all filing, administrative, hearing and TPA's fees if you act in good faith, cannot get a waiver of such fees, and ask us to pay. |
| When will we cover your legal fees and costs? | If you win | If you win an arbitration, we will pay your reasonable fees and costs for attorneys, experts, and witnesses. We will also pay these amounts if required by law or the arbitration company's rules or if payment is required to enforce this Clause. The TPA will not limit the award of these amounts because your Dispute is for a small amount. |
| Will you ever owe us for arbitration or attorneys' fees? | Only for bad faith | The TPA can require you to pay our fees if the TPA finds that you have acted in bad faith (according to standards described in Federal Rule of Civil Procedure 11(b)) and this power does not void this Clause. |

## ADDITIONAL TERMS AND CONDITIONS OF THIS WRITTEN DISCLOSURE TICKET

| | | |
|---|---|---|
| Can a failure to resolve a Dispute informally mean a larger recovery for you? | Yes | You are entitled to an arbitration award of at least $7,500 if: (1) you give us notice of a Dispute only on your own behalf and comply with the terms of this Clause; and (2) the TPA awards you money damages greater than the last amount you requested at least ten days before the arbitration started. This is in addition to the attorneys' fees and expenses, and expert witness costs to which you would be entitled. This $7,500 minimum award is a single award that applies to all Disputes you have raised or could have raised. Multiple awards of $7,500 are not considered by this Clause. Settlement demands and offers are strictly confidential. They may not be used in any proceeding by either party except to justify a minimum recovery of $7,500. |
| Can an award be explained? | Yes | A party may ask for an explanation from the TPA, within 14 days of the ruling. Upon such request, the TPA will explain the ruling in writing. |

**Representations and Warranties.** Pledgor attests that the Motor Vehicle is not stolen, it has no liens or encumbrances against it, and pledgor has the right to sell the Motor Vehicle. By signing this Written Disclosure Ticket, Pledgor attests that he or she is at least 18 years of age and is the true owner of the Motor Vehicle. The Pawnbroker will not lease back to the Pledgor the Motor Vehicle during this Pawn Transaction or during any extension or continuation of this Pawn Transaction. The Pledgor does hereby acknowledge that he has inspected the Motor Vehicle and that such Motor Vehicle is in good repair and condition. The Pledgor does hereby assume and bear the entire risk of loss or damage to the Motor Vehicle while in his possession and does agree to indemnify and hold harmless the Pawnbroker from any and all property damages or personal injuries arising from the operation of the Motor Vehicle, including, but not limited to, all lawsuits, judgments, attorneys fees, court costs, or any expenses that may be incurred. The Pledgor agrees to maintain liability and casualty insurance with respect to the Motor Vehicle during the duration of this Pawn Transaction. This Written Disclosure Ticket may only be amended as you and we agree in writing.

By signing this Written Disclosure Ticket you acknowledge that it was filled in before you did so and that you have received a completed copy of it. You also warrant and represent that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code. You further acknowledge that we are a Pawnbroker and that you are engaging in a Pawn Transaction with us (the terms of which are contained herein) as allowed by O.C.G.A. §44-12-130 *et seq.* **You further acknowledge that you have read, understand, and agree to all of the terms of this Written Disclosure Ticket, including the above "Waiver of Jury Trial and Arbitration Clause."**

DocuSigned by:
_Lathe B_
BCC60382E7BB425...
Pledgor Signature

_____
Co-Pledgor Signature

TitleMax of Georgia, Inc. d/b/a TitleMax
By _Manashi_
C4F59210566E428... Its employee

Account Number

THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF, AND PLEDGED AS COLLATERAL TO, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS COLLATERAL AGENT.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: RICKY L. RAGIN and<br>LATCHIE R. RAGIN, | : <br> : <br> : | CHAPTER 13 |
| Debtors, | : | CASE NO. 18-10549-SDB |
| TITLEMAX OF GEORGIA, INC., | : <br> : | |
| Movant, | : <br> : | |
| vs. | : | JUDGE SUSAN D. BARRETT |
| RICKY L. RAGIN, LATCHIE R. RAGIN<br>and HUON LE, Trustee, | : <br> : <br> : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties in this matter with a copy of the within and foregoing **Amended Objection to Plan and Motion to Deny Confirmation** by depositing a true and correct copy in the U.S. Mail with sufficient postage affixed thereto and properly addressed as follows:

Ricky L. Ragin
Latchie R. Ragin
405 Mendel Avenue
Thomson, GA 30824

Huon Le, Trustee
P.O. Box 2127
Augusta, GA 30903

Angela Williams Seymour, Esq.
Seymour & Associates, PC
101-B Rossmore Place
Augusta, GA 30909

This 19th day of July, 2018

THE BOWEN LAW GROUP

7 East Congress Street
Suite 1001
Savannah, GA 31401
(912) 544-2050
(912) 544-2070 (fax)
cbowen@thebowenlawgroup.com

/s/ Charles J. Bowen
CHARLES J. BOWEN
Georgia State Bar No. 071115
*Attorney for Movant*